# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY E. MOORE,

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
SF-0752-16-0055-I-1

DATE: February 24, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Ricky Wood, Barstow, California, for the appellant.

Loren Baker, Esquire, Barstow, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his removal for lack of jurisdiction due to a settlement agreement wherein he waived his Board appeal rights. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      The agency proposed to remove the appellant from his position as a Management and Program Analyst based upon charges of sleeping on duty and operating a Government vehicle without a valid driver's license. Initial Appeal File (IAF), Tab 3 at 42-43. Subsequently, the parties entered into a settlement agreement, pursuant to which the agency agreed to hold the appellant's removal in abeyance until September 30, 2015, and to assist him in processing paperwork necessary to apply for retirement. *Id.* at 14, 17. The settlement agreement provided that the appellant would refrain from initiating any appeals or other actions against the agency concerning "any matter related" to his employment that occurred prior to October 1, 2015. *Id*. at 14-15.

¶3      Consistent with the settlement agreement, the agency removed the appellant, effective September 30, 2015. IAF, Tab 3 at 13. Thereafter, the appellant filed a Board appeal challenging his removal, alleging that the agency failed to make him aware of the seriousness of the charged misconduct, that the penalty of removal was excessive, and that the agency discriminated against him and denied him a reasonable accommodation. IAF, Tab 1 at 4, 6.

¶4      The administrative judge issued an acknowledgment order, which stated that the Board lacks jurisdiction over appeals where an appellant has entered into a settlement agreement waiving the right to appeal the action in question, and ordered the appellant to submit evidence and argument establishing Board jurisdiction over his appeal. IAF, Tab 2 at 2. The appellant failed to respond to the order, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 3 at 9-10.

¶5      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). He found that the appellant had waived his right to appeal his removal in the settlement agreement, and that, absent an otherwise appealable action, the Board lacked jurisdiction to review the appellant's claims that the agency discriminated against him and

denied him a reasonable accommodation. ID at 5. The appellant has filed a petition for review of the initial decision, and the agency has opposed the petition for review. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    For the first time on review, the appellant contends that the agency breached the settlement agreement by failing to assist him in processing the paperwork necessary to apply for retirement. PFR File, Tab 1 at 4. The Board, though, lacks jurisdiction to enforce the terms of the settlement agreement because it was reached outside of a Board proceeding and was not entered into the record for enforcement purposes. *See Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996) (finding that the Board lacked jurisdiction to enforce a settlement agreement that was not entered into the record for enforcement purposes); *see also Cimilluca v. Department of Defense*, 77 M.S.P.R. 256, 257–59 (1998) (vacating an initial decision adjudicating a petition for enforcement on the merits where a settlement agreement was not entered into the record for enforcement purposes). Therefore, we find that the Board lacks jurisdiction to consider the appellant's claim, raised in the first instance on review, that the agency breached the settlement agreement. *See Lopez*, 71 M.S.P.R. at 463.

¶7    The appellant also argues for the first time on review that the agency acted in bad faith when it drafted the settlement agreement, because it never intended to assist him in processing the paperwork necessary to apply for retirement. PFR File, Tab 1 at 4. He contends that his right to appeal therefore "remains intact." *Id.* Although the Board lacks jurisdiction to enforce the settlement agreement, it may consider the agreement to determine its effect on the appellant's Board appeal and any waiver of Board appeal rights. *Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010). The appellant may challenge the validity of the settlement agreement if he believes that the agreement was unlawful, involuntary, or resulted from fraud or

mutual mistake. *Id*. He also may challenge the enforceability of any waiver of Board appeal rights. *Id.* Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and the execution of the waiver did not result from agency duress or bad faith. *Id*.

¶8        An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). In the present case, the administrative judge failed to inform the appellant how to establish that the waiver of appeal rights did not divest the Board of jurisdiction over his appeal, i.e., that the waiver was unenforceable or the settlement agreement was invalid. IAF, Tab 2 at 2. Furthermore, neither the agency's pleadings nor the initial decision placed the appellant on notice of how to establish jurisdiction over his appeal.[2]        ID; IAF, Tab 3 at 9-10; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking, or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review).

¶9        Accordingly, we must remand this appeal to the regional office for further adjudication. *See Trotta v. U.S. Postal Service*, 73 M.S.P.R. 6, 11 (1997) (remanding an appeal for further adjudication where an administrative judge failed to inform an appellant how to establish that the Board had jurisdiction over his appeal despite a waiver of appeal rights in a settlement agreement). On remand, the administrative judge should provide the appellant with complete information on the requirements for establishing jurisdiction over his appeal. If

---

[2] The initial decision stated that the appellant voluntarily entered into the settlement agreement, but did not indicate that this finding pertained to the validity of the settlement agreement, or discuss any of the other ways in which the appellant could establish that the agreement was invalid. ID at 5.

the appellant makes a nonfrivolous allegation of jurisdiction, then the administrative judge should hold a jurisdictional hearing.

## ORDER

¶10      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.