**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STEVEN H. HALL, | DOCKET NUMBER |
| Appellant, | DC-0752-14-0243-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: June 23, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven H. Hall, Chesapeake Beach, Maryland, pro se.

Letitia Byers, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed the removal appeal as settled.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant appealed his removal from the position of Administrative Specialist for misconduct. Initial Appeal File (IAF), Tab 1. The administrative judge issued an initial decision dismissing the appeal as settled. IAF, Tab 30, Initial Decision (ID). The initial decision notes that the appellant timely requested to revoke the settlement agreement and subsequently rescinded the revocation. ID at 1 n.1.

¶3 The appellant has filed a petition for review raising issues concerning the merits of his appeal and alleging, among other things, that the settlement agreement is invalid because both parties' representatives misled him to believe he could revoke it within 7 days of its execution and that the administrative judge was biased. Petition for Review (PFR) File, Tab 1. The agency has filed a response arguing that the petition for review should be dismissed pursuant to the settlement agreement. PFR File, Tab 3.

¶4 A settlement agreement is a contract between the parties and, as such, may be set aside or voided only on the basis of certain limited grounds, including fraud, coercion, or mutual mistake. *Woodjones v. Department of the Army*,

89 M.S.P.R. 196, ¶ 11 (2001).  The party challenging the validity of a settlement agreement bears a heavy burden.  *Id.*  An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement.  *Thompson v. Department of Veterans Affairs*, 52 M.S.P.R. 233, 237 (1992).

¶5        Under the Older Workers Benefit Protection Act (OWBPA), the waiver of an Age Discrimination in Employment (ADEA) claim is not considered knowing and voluntary unless it meets certain criteria, including allowing the employee 7 days to revoke the agreement.  29 U.S.C. § 626(f).  It is undisputed that the appellant did not raise an age discrimination claim in the Board appeals or equal employment opportunity complaints settled by the agreement.  PFR File, Tab 1 at 3, 6-7, Tab 3 at 14.  The parties' agreement states, in relevant part, "[a]ppellant acknowledges that he was further advised that he may revoke this Agreement at any time within seven (7) days after signing it."  IAF, Tab 26 at 6.

¶6        The agency argues that the 7-day revocation period provision was "inapplicable" to the appellant and of no consequence.  PFR File, Tab 3 at 14. We do not agree.  In construing a contract, we look first to the terms of the agreement itself.  *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988).  The agency may have intended for the revocation period to only apply if the appellant claimed that he had been discriminated against based on age, but the settlement agreement does not set any such limit, and the Board cannot add it after the fact.  Only if there is some ambiguity should parol evidence be considered.  *Id.*  There is no ambiguity in the terms of this agreement.  The fact that the OWBPA only requires a 7-day revocation period in agreements settling claims brought under the ADEA is irrelevant because the settlement agreement at issue includes a 7-day revocation period.  *See Jackson v. Department of the Army*, 123 M.S.P.R. 178, ¶¶ 7-12 (2016).  The appellant states, "I had signed the settlement agreement based on the understanding that I could revoke the agreement seven days after signing it according to the Older Workers' Benefit

Act." PFR File, Tab 1 at 6. Thus, the revocation provision was material to the appellant's decision to sign the settlement agreement. *Jackson*, [123 M.S.P.R. 178](#), ¶ 10. Based on the plain language of the agreement, the appellant could have revoked the settlement agreement within 7 days of signing it.

¶7 The appellant alleges that he signed the settlement agreement because he was misled by the administrative judge, his representative, and the agency's representative. PFR File, Tab 1 at 7. A settlement agreement may be invalid if the appellant shows that the agreement was based on misrepresentation by the agency. *Hamilton v. Department of Veterans Affairs*, [92 M.S.P.R. 467](#), ¶ 19 (2002). On the issue of misrepresentation, it is sufficient to show that a reasonable person would have been misled by the statements. *Id.*

¶8 The appellant was not misled. As discussed above, the appellant must have understood that he could revoke the settlement agreement within 7 days because he requested to revoke the agreement. ID at 1 n.1; IAF, Tab 28. That revocation would have cancelled the settlement agreement. However, after a conference call with the administrative judge and the agency's representative, the appellant rescinded his revocation stating, "I wish to go forward with the agreement after carefully considering my options." IAF, Tab 29. Therefore, the appellant's revocation is no longer in effect, and the parties are bound by the terms of the settlement agreement. Although the appellant may believe that his representatives failed to act in his best interest in negotiating the settlement agreement, he is bound by his chosen representatives' actions and consequently bound by the terms of the settlement agreement. *Merriweather v. Department of Transportation*, [64 M.S.P.R. 365](#), 372-73 (1994), *aff'd*, 56 F.3d 83 (Fed. Cir. 1995) (Table).

¶9 The appellant alleges that the administrative judge was biased and conspired with the representatives to pressure him into settling. PFR File, Tab 1 at 2-3. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that

accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). To support his bias claim, the appellant alleges that the administrative judge and his representative discussed the weakness of his appeal prior to the prehearing conference. PFR File, Tab 1 at 2. In settlement negotiations, administrative judges are permitted to inform the parties of the relative strengths and weaknesses of their cases. *Forston v. Department of the Navy*, 60 M.S.P.R. 154, 160 (1983). Such statements do not indicate bias or coercion. *Id.*

¶10    We find that, by the terms of the settlement agreement, the appellant withdrew his appeal with prejudice, he knowingly and voluntarily signed the settlement agreement, he waived further Board appeal rights concerning his removal, and the waiver is enforceable. Accordingly, we deny the petition for review of the initial decision dismissing this appeal as settled. Because this appeal has been settled, we need not reach the other issues raised by the appellant on review.[2] *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 10 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request further review of this final decision.

---

[2] The appellant's arguments challenging the merits of his removal and the conduct of both parties' representatives do not present a reason to disturb the initial decision dismissing his appeal as settled. *See Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013); *see also Thompson*, 52 M.S.P.R. at 236-37 (explaining that an appellant is responsible for the actions or inactions of his chosen representative and the alleged inadequacy of his representation is not grounds to set aside a settlement agreement).

[3] The administrative judge did not provide the appellant with notice of his mixed-case rights to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or an appropriate U.S. district court. This was error, but it does not constitute reversible error because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.