**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAMON V. BROWN,
　　　　　　Appellant,

　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　　Agency.

DOCKET NUMBER
SF-0752-17-0611-I-1

DATE: January 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Damon V. Brown</u>, Inglewood, California, pro se.

<u>Catherine V. Meek</u>, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to dismiss this appeal for lack of jurisdiction based on a settlement agreement between the parties in which the appellant waived his right to appeal to the Board, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, who was employed at the agency as a Mail Processing Clerk, suffered an on-the-job injury on March 25, 2012.  Initial Appeal File (IAF), Tab 1 at 77-78.  After returning to work, the appellant had numerous absences, and the agency subsequently issued him a Letter of Warning regarding his absences in November and December 2013.  IAF, Tab 5 at 26-27.  The agency removed the appellant effective August 15, 2015.  IAF, Tab 5 at 36-37, 41-44.  In November 2015, the appellant, who was represented at the time, entered into a settlement agreement with the agency.  *Id*. at 27-35.  In that agreement, the agency agreed to remove the August 2015 disciplinary removal from his personnel file and instead separate him, effective January 1, 2016, with a nondisciplinary removal for medical inability to perform the duties of his position, and the appellant agreed to subsequently apply for disability retirement.  *Id*.  The appellant also agreed to waive any and all appeal rights to the Board for "causes of action of any kind, nature, and character, known and unknown, which Complainant may now have or

has ever had against Postal Service, or any of its officers, agents, and employees, which arose in whole or in part from Complainant's employment relationship with Postal Service, and which are based upon incidents, occurrences, or actions taking place prior to the execution of this agreement." *Id*. at 28. On January 25, 2017, the appellant filed this appeal in which he alleged that he was challenging the following actions: his removal, the failure to restore, involuntary resignation, involuntary retirement, a reduction in force, and violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) and the Veterans Employment Opportunities Act of 1998.[2] IAF, Tab 3.

¶3        The administrative judge issued a jurisdictional order that advised the appellant that his appeal may not be within the Board's jurisdiction, provided him with the law and burdens of proof applicable to the Board's jurisdiction over each of the claims that the appellant indicated he was attempting to appeal, and set deadlines for the parties to respond to the order. IAF, Tab 3. Although the agency filed a response, the appellant did not respond. IAF, Tab 5. Without holding a hearing, the administrative judge issued an initial decision that addressed each of the appellant's allegations and dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID).

¶4        The appellant has filed a petition for review. Petition for Review (PFR) File, PFR File, Tab 1. The agency has filed a response to the petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        Before considering the appellant's petition for review, we find that we must address the applicability of the settlement agreement between the parties, which

---

[2] There may be a question as to timeliness. However, because the Board lacks jurisdiction over the appeal, it need not address the issue of the timeliness of the appellant's initial appeal. *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, 635 n.2 (2012).

was submitted into the record below. IAF, Tab 5 at 27-35. In considering the impact of a prior settlement agreement on a pending appeal, the Board will consider the agreement to determine the effect on the Board appeal and any waiver of Board appeal rights, even when, as here, the agreement was reached outside of a Board proceeding.[3] *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006). The appellant may challenge the validity of the settlement agreement if he believes it was unlawful, involuntary, or resulted from fraud or mutual mistake. *Id*., ¶ 13. An appellant has the burden of showing that he involuntarily entered into a settlement agreement. *Id*. An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013).

¶6      The appellant also may challenge the enforceability of any waiver of Board appeal rights. Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith. *Swidecki*, 101 M.S.P.R. 110, ¶ 17. In deciding whether the appellant freely and voluntarily entered into the settlement agreement, the Board will consider whether he was represented, whether he has demonstrated that he was mentally impaired when the agreement was reached, and whether he has

---

[3] Although the administrative judge did not provide the appellant with jurisdictional burdens of proof concerning the settlement agreement, we find it unnecessary to remand this appeal for a proper jurisdictional notice. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). The Board has found that an administrative judge's defective notice can be cured if the agency's pleadings contain the notice that was lacking in the jurisdictional order. *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007). Here, the agency adequately informed the appellant in its narrative response that the appellant has provided no showing that the settlement agreement was obtained under coercion or misrepresentation. IAF, Tab 5 at 12. On review, the appellant does not challenge the validity of the settlement agreement or the enforceability of the waiver clause. PFR File, Tab 1.

otherwise shown that he was unable to understand the nature of the settlement agreement fully. *Id.*

¶7      Here, the appellant was represented by a union representative during settlement negotiations, and both the appellant and his representative signed the settlement agreement. IAF, Tab 5 at 35. Such representation is significant in determining the validity of an appeal-rights waiver. *Clede v. Department of the Air Force*, 72 M.S.P.R. 279, 285 (1996), *aff'd*, 113 F.3d 1257 (Fed. Cir. 1997) (Table). The agreement specifically provided that the appellant and the agency entered into it voluntarily, without coercion or duress. IAF, Tab 5 at 34. The appellant has provided no arguments that he was mentally impaired when the agreement was reached, or that he entered into the agreement under duress or coercion.

¶8      Furthermore, we find that the November 24, 2015 settlement agreement includes an explicit waiver of the appellant's Board appeal rights over any action "which arose in whole or in part from [the appellant's] employment relationship with Postal Service, and which are based upon incidents, occurrences, or actions taking place prior to the execution of this agreement." IAF, Tab 5 at 27-29. We further find that, in this appeal, the appellant is contesting his removal and matters that preceded his removal. All of these matters thus arose prior to, or as a result of the terms of, the settlement agreement entered into by the parties. By the explicit terms of the settlement agreement, which we find that the appellant knowingly and voluntarily signed, he waived further Board appeal rights concerning his removal.[4] We find the waiver enforceable.

---

[4] To the extent the appellant is claiming that he left the agency as a result of an involuntary resignation or involuntary retirement, the record shows he was removed from his position based on a charge of inability to perform. Because the appellant was removed by the agency from his position as a Mail Processing Clerk, it is not necessary to analyze this matter as a constructive adverse action. To the extent the administrative judge did so, we vacate those findings in the initial decision.

¶9    On review, the appellant reasserts the numerous allegations he raised below concerning his on-the-job injury, his resulting medical treatment, the failure of the agency to provide him with a modified assignment, his removal, and various laws he claims were violated by the agency during his employment and removal.[5] PFR File, Tab 1 at 4.  However, because this appeal is properly dismissed for lack of jurisdiction based on the terms of the settlement agreement, we need not reach the other issues raised by the appellant on review.  *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 10 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).

¶10   Accordingly, we find that the Board lacks jurisdiction over the matters raised in this appeal based on the terms in the settlement agreement.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[5] The appellant has attached letters of reference and various medical and financial documents to his petition for review without a showing that they were unavailable before the record closed despite his due diligence.  PFR File, Tab 1 at 5-81.  Thus, under 5 C.F.R. § 1201.115, the Board need not consider them.  To the extent that some of the documents were submitted for a first time on review, we find that they are not material to the appellant's voluntariness of entering into the settlement agreement and do not warrant a different outcome.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); PFR File, Tab 1 at 6-15, 37-39, 57-81.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 　　　　　　　　　　　/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.