NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3270

HUGH E. LEE, JR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Hugh E. Lee, Jr., of Gulf Breeze, Florida, pro se.

Daniel G. Kim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3270

HUGH E. LEE, JR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752090156-I-1.

_____

DECIDED: February 5, 2010

_____

Before LOURIE, RADER, and SCHALL <u>Circuit Judges</u>.

PER CURIAM.

Hugh E. Lee appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal as settled. <u>Lee v. U.S. Postal Serv.</u>, 111 M.S.P.R. 551 (2009); <u>Lee v. U.S. Postal Serv.</u>, No. AT-0752-09-0156-I-1 (M.S.P.B. Jan. 30, 2009). Because the Board did not err in holding that Lee had already settled his case before petitioning the Board for review, we <u>affirm</u>.

## BACKGROUND

Lee was employed by the U.S. Postal Service with a permanent assignment as an electronic technician. However, since 2001, he had been on a limited duty

assignment as a mail handler. On October 31, 2008, Lee requested and received leave due to stress. On November 3, 2008, his doctor provided him with a cleared-for-work letter, and the Postal Service cleared Lee for work on November 7, 2008. Lee called a manager at the Postal Service on November 20, 2008 to inquire as to his work status, and he returned to work on November 25, 2008. Lee appealed to the Board, alleging that the Postal Service had constructively suspended him from work between November 5 and November 22, 2008, and raising allegations of discrimination.

On January 30, 2009, the administrative judge ("AJ") dismissed Lee's appeal for lack of jurisdiction. According to the AJ, under 5 U.S.C. §§ 7511–7513, the Board had jurisdiction over a suspension of Lee for more than 14 days only if the agency placed him on leave contrary to his wishes, and if his absence was involuntary for that whole period. The AJ found that Lee had not been constructively suspended from work because he had initiated his absence on October 31, 2008 and he had failed to report for duty or otherwise contact management after he had submitted his complete clearance package on November 7, 2008, until November 20, 2008. The AJ also found that the Postal Service did nothing to bar Lee from returning to work. The AJ further found that the period of time between when Lee requested to return to work, on November 20, 2008, and when he was directed to return to work, on November 24, 2008, was less than 14 days. Thus, because Lee was not constructively suspended for a period of more than 14 days, if at all, the Board lacked jurisdiction. Finally, the AJ held that Lee's allegation of discrimination was insufficient to establish Board jurisdiction in the absence of an otherwise appealable action. The AJ therefore dismissed Lee's appeal.

On March 12, 2009, Lee entered into a settlement agreement with the Postal Service during the processing of a separate Equal Employment Opportunity ("EEO") complaint. The agreement settled all of Lee's claims relating to discrimination and retaliation and placed him, subject to certain conditions, back in his job as an electronic technician with some back pay. The agreement also specifically stated that Lee had

> agreed to fully and finally settle all claims of any nature against . . . the United States Postal Service . . . arising out of the subject matter of this complaint, whether or not these claims are all known to the parties and whether or not these claims have all yet matured. These claims include, but are not limited to allegations of discrimination and retaliation . . . . <u>Mr. Lee further agrees to generally release</u> . . . the Postal Service . . . <u>from all claims of any nature ever arising from his employment</u> with the Postal Service up to and including the date of full execution of this agreement.

J.A. 47 (emphases added). The agreement did not mention Lee's appeal before the Board or his allegation of constructive suspension.

On March 30, 2009, Lee petitioned the full Board for review of the AJ's initial decision on the alleged constructive suspension. In a decision issued on June 26, 2009, the Board denied the petition, concluding that the AJ made no error in law or regulation that affected the outcome. However, the Board also reopened the case on its own motion, under 5 C.F.R. § 1201.118, in order to grant the Postal Service's motion to dismiss the appeal as settled. The Board found that Lee had waived his appeal rights to the Board by signing the settlement agreement. The Board reasoned that Lee's constructive suspension appeal arose from his employment with the Postal Service before the settlement agreement was executed, thus falling within the terms of the settlement agreement. The Board also found that any unilateral mistake as to the scope of the settlement agreement did not provide a basis for not applying it in this

case, so the Board declined to consider parol evidence. The Board further found the waiver of appeal rights enforceable, as Lee had failed to show that the agreement was not freely made, was unfair, or resulted from agency duress or bad faith. The Board thus vacated the initial decision and dismissed the appeal as settled.

Lee timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). "The interpretation of a settlement agreement is an issue of law. We review the Board's determinations of law for correctness, without deference to the Board's decision." King v. Dep't of the Navy, 130 F.3d 1031, 1033 (Fed. Cir. 1997) (citations omitted).

Lee argues that the Postal Service breached the settlement agreement in May 2009, before the Board issued its decision, rendering the agreement unenforceable and therefore an improper basis for dismissal of his appeal. Lee further argues that the settlement agreement was unrelated to his case before the Board and thus cannot form the basis for a dismissal of his appeal. Finally, on the merits of his appeal, Lee asserts

that he was constructively suspended from November 4, 2008[*] until November 25, 2008, as he had already been cleared for work but was not allowed to return to work.

The government responds that, on the merits, there is no final decision from the Board for us to review, as the Board reopened the case and vacated the AJ's initial decision. The government further argues that the Board correctly dismissed the appeal as settled, as Lee failed to establish that the settlement agreement is invalid or that, notwithstanding the agreement, he retained his appeal rights. The government asserts that the Board was correct in reading the agreement to encompass the allegations arising in his Board appeal, as the plain language in the agreement indicates that the parties intended for it to serve as a broad waiver of Lee's appeal rights against the Postal Service. The government also argues that the agreement did not arise from fraud or mutual mistake, and even if Lee was mistaken as to the scope of the waiver, unilateral mistake is insufficient to allow Lee to limit the effect of an otherwise valid settlement agreement. Finally, the government contends that Lee waived his argument that the Postal Service breached the agreement, as he raised it for the first time in this appeal.

We agree with the government that the settlement agreement precluded Lee from pursuing a petition for review before the Board. As an initial matter, we may not address the AJ's initial decision, as we review only final decisions of the Board. <u>See</u> 5 U.S.C. § 7703(b)(1). Thus, we do not address the AJ's dismissal of Lee's appeal for

---

[*] In his brief, Lee occasionally refers to October 4 instead of November 4, 2008, but we understand that he is referring to November 4, one of the dates on which he was arranging to be cleared for work.

lack of jurisdiction but limit our review to whether the Board correctly concluded that Lee's dispute with the Postal Service had been settled.

The Board did not err in holding that the plain language of the settlement agreement covered Lee's appeal before the Board. Although the agreement primarily related to Lee's discrimination complaint and his placement as an electronic technician, it also unambiguously covered "all claims of any nature ever arising from his employment with the Postal Service" through March 12, 2009. That constituted a "further agree[ment]" beyond the subject matter of Lee's EEO complaint, indicating that the parties had contemplated that the agreement would cover situations other than those enumerated. It is undisputed that Lee's appeal before the Board arises from his employment with the Postal Service and involves events occurring in late 2008, before the agreement's execution. Although Lee asserts that the agreement was unrelated to his appeal before the Board, we are required to apply the unambiguous language of the contract. See Slattery v. Dep't of Justice, 2010 U.S. App. Lexis 199, *4–5 (Fed. Cir. Jan. 6, 2010) ("A settlement agreement is a contract, and is reviewed, like all contracts, to ascertain its meaning including, if required to implement its purposes, determination of contractual intent and mutual understanding. However, when a contract's words and meaning are unambiguous, its terms are not subject to variation." (citations omitted)).

Furthermore, the Board did not err in finding the agreement enforceable. As the government points out, Lee has not alleged that the agreement or any portion of it arose from fraud or mutual mistake. Settlement agreements in which employees voluntarily waive their appeal rights are generally permissible, as long as the agency has not breached the agreement or acted in bad faith. See McCall v. U.S. Postal Serv., 839

2009-3270

-6-

F.2d 664, 667 (Fed. Cir. 1988). On appeal, Lee asserts that the Postal Service breached the agreement, rendering it unenforceable. However, he does not explain how the Postal Service breached the agreement, nor did he raise the argument before the Board. If, as the government surmises, Lee's argument is that the breach occurred by the Postal Service's reliance upon the agreement to seek dismissal of the Board appeal, that reliance cannot be considered a breach. Such circular reasoning cannot prevail; the Postal Service should be entitled to rely on the plain language of its agreement with Lee to understand that the claim before the Board had already been settled.

Because the settlement fully resolved Lee's Board appeal, "[t]here is therefore no case or controversy . . . over the merits of which either [the Board] or this court might exercise jurisdiction." Asberry v. U.S. Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). Accordingly, we affirm the Board's decision dismissing Lee's appeal as settled.

COSTS

No costs.

2009-3270