**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BUTLER O. OBASOGIE,
                    Appellant,

                    v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
CH-0752-14-0012-I-1

DATE: June 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Butler O. Obasogie, Cincinnati, Ohio, pro se.

Pamela D. Langston-Cox, Esquire, and Russ Eisenstein, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the August 4, 2014 initial decision that affirmed his removal from employment. The agency has moved to dismiss the petition for review as settled. For the reasons discussed below, we GRANT the agency's motion and DISMISS the petition for review as settled.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant was an Internal Revenue Agent when he was removed from employment by the agency for failure to meet the performance standards for his position. Initial Appeal File (IAF), Tab 1 at 1, 9-11. The appellant appealed his removal to the Board, and after holding a hearing, the administrative judge issued an initial decision affirming the agency's decision. IAF, Tab 48, Initial Decision (ID). Specifically, the administrative judge found that the appellant failed to meet the performance standards for three critical job elements and had received a reasonable opportunity to demonstrate acceptable performance. ID at 13.

¶3     The appellant filed a petition for review on September 4, 2014. Petition for Review (PFR) File, Tab 1. The agency filed a response in opposition to the appellant's petition on September 29, 2014. PFR File, Tab 4. The appellant filed a reply brief on October 6, 2014. PFR File, Tab 5.

¶4     On January 5, 2015, the agency filed a motion for the Board to dismiss the petition for review as settled, attaching a copy of a global settlement agreement signed and dated by both parties and their representatives. PFR File, Tab 6. In response to the agency's motion for dismissal, the appellant stated that he felt pressured into signing the settlement agreement by the Equal Employment Opportunity Commission (EEOC) administrative judge after the Board's administrative judge issued the initial decision. PFR File, Tab 7. The appellant also alleged that he was under duress and forced to make a quick decision about settlement. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     Before considering the appellant's petition for review, the Board will consider the agency's motion to dismiss it as settled. PFR File, Tab 6 at 4; *see Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010). The Board will consider the settlement agreement, even though it was reached outside of a Board proceeding, to determine its effect on

the Board appeal and any waiver of Board appeal rights. *See Lee*, 111 M.S.P.R. 551, ¶ 4. Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). The appellant may challenge the validity of a settlement agreement if he believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). The party challenging the validity of the settlement agreement bears a heavy burden. *Id.* An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Id.* The appellant may also challenge the enforceability of any waiver of Board appeal rights. *Lee*, 111 M.S.P.R. 551, ¶ 4. Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith. *Id.*

¶6      We agree with the agency that the settlement agreement explicitly states that the agreement would act as the appellant's withdrawal of his petition for review. PFR File, Tab 6 at 5. The appellant alleges that he was pressured by the EEOC administrative judge into entering into the settlement agreement. PFR File, Tab 7. An administrative judge may properly encourage parties to endeavor to settle appeals, given the public policy that favors settlement agreements in civil actions to avoid unnecessary litigation and encourage fair and speedy resolution of issues. *Busen v. Office of Personnel Management*, 49 M.S.P.R. 37, 42 (1991). Based on the record before us, it is clear that the EEOC administrative judge encouraged the parties to resolve their dispute. PFR File, Tab 7 at 14.

¶7      To prove an allegation of coercion by an administrative judge, an appellant must present evidence that he involuntarily accepted the terms, the circumstances presented no alternative, and the circumstances were the result of the administrative judge's coercive acts. *See Anderson v. Environmental Protection*

*Agency*, [81 M.S.P.R. 618](#), 620 (1999).  Other than his uncorroborated allegations, the appellant has presented no evidence that the administrative judge's actions were coercive.[2]  An appellant's unsupported assertions do not meet the burden of proving that a settlement was coerced by an administrative judge, and do not provide a basis for voiding a settlement agreement.  *Id.*

¶8        The appellant disagrees with the Board administrative judge's rulings on discovery and the EEOC administrative judge's ruling on jurisdiction, PFR File, Tab 7 at 1, but those issues cannot be addressed by attacking the validity of the settlement agreement.   The appellant has failed to show that the settlement agreement was not freely made, was unfair, unlawful, or resulted from agency duress or bad faith.  The settlement agreement was signed by both the appellant and his representative at the time,[3] a factor that is significant in determining the validity of an appeal rights waiver.  PFR File, Tab 6 at 10; *Lee*, [111 M.S.P.R. 551](#), ¶ 9.  Because the parties have expressed their intent that the Board not enter the settlement agreement into the record, PFR File, Tab 6 at 5, the settlement agreement has not been entered into the record for enforcement purposes, *see Swidecki v. U.S. Postal Service*, [101 M.S.P.R. 110](#), ¶¶ 24, 26 (2006).

¶9        We find that, by the terms of the settlement agreement, the appellant withdrew his petition for review with prejudice, the appellant knowingly and voluntarily signed the settlement agreement, the appellant waived further Board appeal rights concerning his removal, and the waiver is enforceable.  Accordingly, we DISMISS this petition for review as settled.  Because this appeal

---

[2] On May 7, 2015, the appellant filed a motion requesting that the investigative files, prehearing transcripts, motions and responses, declarations, and decisions from his EEOC complaint be entered into the record of this appeal.  PFR File, Tab 10.  The appellant argues that he was unable to present information relevant to his appeal because the Board administrative judge "refused to hear any issue pertaining to the EEOC."  *Id.* at 2.  This information is immaterial to determining whether the parties entered into a valid settlement agreement, therefore the appellant's motion is DENIED.

[3] On May 21, 2015, the appellant's representative filed a motion to withdraw as counsel for the appellant.

has been settled, we need not reach the other issues raised by the appellant on review. *See Lee*, 111 M.S.P.R. 551, ¶ 10.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States

district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.