**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHANNON AMUNDSEN,
　　　　　Appellant,

　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　Agency.

DOCKET NUMBER
DE-0752-20-0360-I-1

DATE: August 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Goldenzweig, Esquire, Houston, Texas, for the appellant.

Mikel C. Deimler, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　　The agency has filed a petition for review of the initial decision, which reversed the appellant's separation. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and DISMISS the appeal as moot.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2 The appellant has a lengthy history of Federal employment, most recently as a Tax Examiner for the agency's office in Ogden, Utah. Initial Appeal File (IAF), Tab 1 at 1. In September 2019, she and the agency settled a complaint the appellant had filed with the Equal Employment Opportunity Commission (EEOC). IAF, Tab 31 at 12-15. Among other things, the settlement agreement provided that the agency would pay the appellant a certain lump sum and the appellant would immediately apply for disability retirement. *Id*. at 12. Additional provisions, about which the parties disagree, generally indicated that the agency would either remove the appellant for medical inability to perform her work duties or, as a last resort, effectuate her resignation by June 30, 2020. *Id*. at 12-13. The settlement agreement further provided that if the appellant believed that the agency failed to comply, she must challenge the alleged noncompliance with the agency's Office of Civil Rights & Diversity (OCRD), after which she could further challenge the matter with the EEOC. *Id*. at 14.

¶3 Although the appellant did eventually apply for disability retirement, she did not do so until March 2020. IAF, Tab 13 at 12-13. She then requested that the agency extend the resignation date contemplated by the settlement agreement—June 30, 2020—by six months, to accommodate the processing of her application for disability retirement. IAF, Tab 31 at 71-72. The agency denied that request in April 2020. *Id*. The appellant submitted another request for delay in mid-June 2020, but the agency denied that request as well. IAF, Tab 12 at 12, 14-16.

¶4 On June 29, 2020, the day before the resignation contemplated by the parties' settlement agreement, the appellant requested that the agency remove her for medical inability to perform. IAF, Tab 31 at 37. She attached a letter from her physician, detailing the appellant's medical condition and limitations. *Id*. at 39-47. On June 30, 2020, the agency responded, indicating that it could not remove the appellant for medical inability to perform, so it would instead separate

her by resignation, pursuant to the settlement agreement. *Id*. at 55-56. The agency did so, effective that same day. IAF, Tab 11 at 117, Tab 45 at 6.

¶5 The appellant filed two complaints to challenge the agency's action. She first filed a complaint through the process identified in the parties' settlement agreement—the OCRD and the EEOC—arguing that the agency had breached the agreement by, *inter alia*, failing to remove her for medical inability. *See, e.g*., Petition for Review (PFR) File, Tab 6 at 62, 66-67, Tab 7 at 20-21. The appellant next filed the instant Board appeal, alleging that her separation by resignation was involuntary. IAF, Tab 1 at 4, 6.

¶6 In the instant appeal, the administrative judge reversed the appellant's separation. IAF, Tab 51, Initial Decision (ID). He found that the appellant's separation was an actual removal, rather than a voluntary or involuntary resignation, and it was within the Board's jurisdiction. ID at 10-12. The administrative judge further found that the agency violated the parties' settlement agreement and, therefore, committed a harmful procedural error by effectuating the appellant's separation by resignation. ID at 13-22. In the alternative, the administrative judge found that even if the appellant's separation was a resignation, it was an involuntary one that would similarly require reversal. ID at 11, 25. Lastly, he found that the appellant failed to prove her discrimination or reprisal claims. ID at 22-25. The administrative judge ordered the agency to cancel the separation and retroactively restore the appellant. ID at 25-27.

¶7 The agency filed a timely petition for review, along with certification that it had provided the appellant with interim relief. PFR File, Tab 1. The appellant filed a response but did not file a cross petition for review to reassert her discrimination and reprisal claims. PFR File, Tab 3.

¶8 While the petition for review in this Board appeal was pending, the Acting Clerk of the Board issued an order, requesting additional information. PFR File, Tab 5. Both parties filed responses. PFR File, Tabs 6-7. Among other things, these responses included evidence that the appellant's challenge through the

OCRD and EEOC has concluded. The result was an EEOC decision finding that the agency had breached the parties' settlement agreement and ordering the agency to reevaluate the appellant's request that she be removed for medical inability. PFR File, Tab 6 at 95-96. In turn, that resulted in the cessation of the interim relief afforded by the initial decision in this Board appeal as the agency revoked the appellant's resignation and replaced it with a retroactive removal for medical inability. *Id*. at 81, 86, 100. As further detailed below, we find that these intervening events have rendered this appeal moot.

¶9 The parties have disagreed about which of the two settlement agreement provisions regarding the appellant's separation applied, but there appears to be no dispute that one did. *E.g*., IAF, Tab 8 at 5-7, Tab 31 at 12-13. In other words, the parties seem to agree that the appellant should have been either (1) removed for medical inability to perform and obligated to not challenge the removal, or (2) separated by automatic resignation. Furthermore, their disagreement about which of these options applied is precisely the type of disagreement contemplated by another provision in their settlement agreement—one indicating that if the appellant believes that the agency is noncompliant, she "shall" file a complaint with the agency's Office of Civil Rights & Diversity and then, if still unsatisfied, she "may" further appeal the matter before the EEOC. IAF, Tab 31 at 14.

¶10 As previously mentioned, the appellant pursued two different avenues for relief. The first was a complaint through the process identified in the parties' settlement agreement—the OCRD and the EEOC—arguing that the agency had breached the agreement by failing to remove her for medical inability. *See, e.g*., PFR File, Tab 6 at 62, 66-67 (recognizing the appellant's July 22, 2019 notice of noncompliance). The second was the instant Board appeal, arguing that her resignation was involuntary. IAF, Tab 1 at 4, 6 (Board appeal, filed July 29, 2020).

¶11 While the petition for review was pending in the instant appeal, the appellant's challenge through the OCRD and EEOC came to a conclusion. The

OCRD found that the agency complied with the settlement agreement, but the EEOC disagreed. PFR File, Tab 6 at 62-70, 89-98.

¶12      In a February 22, 2021 decision, the EEOC ruled that the agency breached the parties' settlement agreement by evaluating the appellant's medical ability to work, generally, rather than her medical ability to perform her work duties.[2] *Id*. at 95. At the appellant's request, the EEOC ordered specific performance of the parties' settlement agreement, i.e., review of the appellant's June 29, 2020 request that she be removed for medical inability under the proper standard. *Id*. Notably, the EEOC order further instructed the agency as follows:

> If Complainant's application is granted, the Agency shall revoke the resignation executed on June 30, 2020, and take all administrative actions necessary to effectuate [the contract provision regarding removal for medical inability]. In the event the application is denied, Complainant's resignation shall stand.

*Id*. at 96. Pursuant to this decision, the agency retroactively removed the appellant for medical inability to perform on the date it had previously separated her by resignation. *Id*. at 81, 86, 100.[3] In a May 20, 2021 decision, the EEOC denied the appellant's request for consideration, while recognizing this retroactive removal for medical inability.[4] *Id*. at 99-101. By the appellant's own telling, the OCRD and EEOC matter is now closed, presumably because she did

---

[2] We note that this is a different conclusion than that of the administrative judge in this appeal. The administrative judge found that the appellant's request for removal was adequate because she presented evidence that would have satisfied the Board's standard for evaluating a charge of medical inability to perform. ID at 18-22.

[3] In concert with a separate appeal against the Office of Personnel Management (OPM), the appellant submitted additional documentation which further evidences that the removal for medical inability is retroactive to June 30, 2020—documentation that included the agency's proposal and decision letters. *E.g.*, *Amundsen v. Office of Personnel Management*, MSPB Docket No. DE-844E-22-0039-I-1, Initial Appeal File (0039 IAF), Tab 5 at 80.

[4] The EEOC decision describes the appellant's request for reconsideration as one concerning back pay and attorneys' fees. PFR File, Tab 6 at 100.

not avail herself of the option to appeal the EEOC decision. PFR File, Tab 6 at 100, Tab 7 at 9-10.

¶13    A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). An appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Id.* Thus, an agency's complete rescission of the action appealed, and an appellant's restoration to the status quo ante, may render an appeal moot. *Id.*

¶14    Here, even if we were to agree with the appellant and find the original June 30, 2020 resignation involuntary, we could not return the appellant to duty because the now-final EEOC decision resulted in that resignation being revoked and replaced with a removal for medical inability on the same date—a removal that she agreed to not contest. *See* IAF, Tab 31 at 12-13. Ordinarily, we might need to further consider the appellant's allegations of discrimination and reprisal to determine whether they could result in additional relief. *See generally Hess*, 124 M.S.P.R. 40, ¶ 8 (noting that if an appellant raises a claim for compensatory damages that the Board has jurisdiction to adjudicate, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board and the appeal is not moot); *Fahrenbacher v. Department of Veterans Affairs*, 89 M.S.P.R. 260, ¶ 9 (2001) (finding that the Board adjudicates claims of discrimination and reprisal under the standards applicable for proof under the associated statutes after the appellant has established that the Board has jurisdiction over the appeal by proving that the retirement was involuntary). But the appellant has effectively abandoned those claims. She did not file a cross petition for review, and she did not raise the matters in her response to the agency's petition or her response to the show cause order. PFR File, Tabs 3, 7.

¶15    In her response to our show cause order, the appellant did argue that the EEOC decision has no effect on this Board appeal. PFR File, Tab 7 at 10. It

seems as if she is taking that position, not because she wishes to return to work,[5] but because she hopes that the Board will award backpay for the period between her separation and the start of interim relief awarded by the initial decision in this appeal—interim relief that ended because of the EEOC decision.[6] *Id*. at 9-10; *compare* ID at 28-29 (ordering interim relief if the agency filed a petition for review), *with* PFR File, Tab 1 at 26 (certifying that the agency provided interim relief by restoring the appellant to duty on January 4, 2020), Tab 6 at 86 (showing that the agency ended the interim relief on April 4, 2021, due to the EEOC's decision and the removal for medical inability).  However, doing so would require that we ignore the result of the EEOC appeal, i.e., revocation of the resignation and replacement of that resignation with a retroactive removal for medical inability.  Among other things, that would be contrary to the well-established principle that status quo ante relief does not entitle an appellant to be placed in a better position than they would have enjoyed had the personnel action not occurred.  *See Gingery v. Department of Defense*, 121 M.S.P.R. 423, ¶ 8 (2014).

¶16    In sum, we vacate the initial decision because intervening events have rendered this appeal moot.[7]  The June 30, 2020 separation challenged in this

---

[5] In the appellant's appeal against OPM, she is citing her removal for medical inability to support her claim that OPM should have granted her disability retirement application that was left pending due to the litigation surrounding her separation.  *E.g.*, 0039 IAF, Tab 5 at 18-20, 60-61.

[6] While making this argument, the appellant identifies her removal for medical inability as occurring on April 5, 2021.  PFR File, Tab 7 at 10.  However, as previously noted, that removal was retroactive to June 30, 2020.  *Supra* ¶ 12.

[7] Because we find this appeal moot, we have not considered whether the settlement agreement's provision about challenging noncompliance through the OCRD and EEOC constituted a waiver of Board appeal rights.  *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 7 (2009) (explaining that a settlement agreement may include a waiver of Board appeal rights, even if it does not explicitly refer to the Board), *aff'd* 367 F. App'x 137 (Fed. Cir. 2010).  Nor have we considered whether the EEOC decision has any preclusive effect.  *See Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336 (1995) (explaining that doctrines of claim preclusion and issue preclusion both concern the preclusive effects of a prior adjudication and are based on similar policy

appeal has been revoked and replaced with a removal for medical inability on the same date, pursuant to the parties' settlement agreement and the EEOC decision about the same, which the appellant agreed to not contest. Accordingly, we dismiss this appeal for that reason.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

concerns—to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication") quoting *Allen v. McMurry*, 449 U.S. 90, 94 (1980). For similar reasons, we reach no conclusion about whether the administrative judge was correct to decide that the appellant's separation constituted a removal, rather than a resignation.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.