## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANGEL D. WALKER, | DOCKET NUMBER |
|       Appellant, | DA-0752-20-0452-I-2 |
|     v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 7, 2024 |
|       Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Amanda Moreno, Esquire, Stephen Goldenzweig, Esquire, and Michael Kleinman, Esquire, Houston, Texas, for the appellant.

Everett F. Yates, Esquire, Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT her petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as an Office Automation Assistant at the agency's William Beaumont Army Medical Center. *Walker v. Department of the Army*, MSPB Docket No. DA-0752-20-0452-I-1, Initial Appeal File (IAF), Tab 17 at 14. Effective June 18, 2020, the agency removed her based on a charge of inability to maintain a regular work schedule and absence without leave. *Id.* On July 16, 2020, the appellant, who was represented at the time, filed the instant appeal of her removal. IAF, Tab 1 at 3-4. On July 29, 2020, the parties entered into a settlement agreement to resolve an Equal Employment Opportunity (EEO) complaint filed by the appellant, which was pending before the Equal Employment Opportunity Commission (EEOC) and identified as Agency No. ARBLISS17APR01429 and EEOC No. 450-2020-00076X. *Walker v. Department of the Army*, MSPB Docket No. DA-0752-20-0452-I-2, Appeal File (I-2 AF), Tab 18 at 8-10.[2] In that agreement, the agency agreed to pay the appellant's attorney $65,000 and to assist her with medical retirement. *Id.* at 8. The appellant agreed to withdraw her EEO complaint and waive "any and all further or additional relief, remedies, and causes of action of any and all kinds against the Agency," but not "future claims that arise after the date of [the] [a]greement." *Id.* at 9.[3] On April 18, 2022, the agency filed a motion to dismiss the instant appeal pursuant to the waiver provision because the appellant's removal had become effective prior to the date of the EEO settlement agreement. *Id.* at 4-5.

The administrative judge issued an order to show cause that advised the appellant that she may have waived her right to pursue the instant appeal and set

---

[2] The agency submitted a list of accepted claims in the appellant's EEO complaint, showing that the appellant did not amend her EEO complaint to include her removal. I-2 AF, Tab 18 at 11-12.

[3] The appellant's initial appeal was dismissed without prejudice to enable the appellant to focus on her medical issues and a potential disability retirement application. IAF, Tab 30, Initial Decision at 1-2. Just prior to the dismissal, a new agency counsel was added to the appeal. IAF, Tab 27. Upon refiling her appeal, the appellant also retained new counsel. I-2 AF, Tab 5.

deadlines for the parties to respond to the order. I-2 AF, Tab 22. The appellant responded, arguing, among other things, that the settlement agreement did not contain a global release and that the parties intended only to settle her EEO complaint. I-2 AF, Tab 24 at 4-6. The agency then moved to withdraw its motion, stating that "it had been the Agency's intent only to settle the EEO case and not for it to be a global settlement." I-2 AF, Tab 26 at 4. Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on the waiver contained in the EEOC settlement agreement. I-2 AF, Tab 30, Initial Decision (I-2 ID) at 1, 5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant reargues that the waiver provision in her EEO settlement agreement does not bar the instant removal appeal, which was pending when the agreement was executed, because the parties only intended to settle the EEO complaint and not her instant appeal. PFR File, Tab 1 at 7. The administrative judge found that the waiver language in the agreement is unambiguous. I-2 ID at 5-6. She considered the parties' assertions that they did not intend to waive the appellant's removal appeal. *Id*. Nevertheless, she found that, because she gave the parties an opportunity to amend the agreement and they did not do so, the appellant had waived her right to challenge her removal before the Board. I-2 ID at 5-6. On review, the agency counsel restates that "the original agency counsel intended only to settle the EEOC case with [the settlement agreement]," but ultimately he agrees with the administrative judge that the waiver language is unambiguous, and, therefore, it is "inappropriate" to consider evidence of the parties' intent. PFR File, Tab 3 at 6-7.

It is well settled that the Board may review a settlement agreement reached outside of a Board proceeding to determine its effect on a Board appeal and any

waiver of Board appeal rights. *E.g.*, *Lee v. U.S. Postal Service,* 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd per curiam*, 367 F. App'x 137 (Fed. Cir. 2010); *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006). The appellant may challenge the validity of a settlement agreement if she believes that the agreement was unlawful, involuntary, or resulted from fraud or mutual mistake. *Lee*, 111 M.S.P.R. 551, ¶ 4. The appellant may also challenge the enforceability of any waiver of Board appeal rights. *Id.* Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith. *Id.*

We agree with the administrative judge that the language of the waiver provision at issue here is unambiguous. The words of the agreement are of paramount importance in determining the parties' intent when they contracted, and parol or extrinsic evidence will be considered only if the agreement is ambiguous. *Id.*, ¶ 6; *see Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 9 (2005) (noting that the Board will not imply a term in an unambiguous agreement). Ambiguity exists if the settlement agreement's terms are reasonably susceptible to more than one interpretation. *Lee*, 111 M.S.P.R. 551, ¶ 6. When the parties' intended meaning is not apparent from the face of the agreement, it is appropriate to examine extrinsic evidence of intent. *Id.*; *Brown v. Department of the Interior*, 86 M.S.P.R. 546, ¶ 17 (2000).

The settlement agreement stated, as relevant here:

> Complainant will withdraw the aforementioned matter. Complainant waives and releases any and all further or additional relief, remedies, and causes of action of any and all kinds against the Agency and any and all of its officers, managers, supervisors, and employees. Complainant hereby agrees to a settlement of the above-styled matter. This release does not include future claims that arise after the date of this Agreement.

I-2 AF, Tab 18 at 9. We agree with the administrative judge that the language of the agreement is clear that the settlement extends beyond the issues raised in the appellant's EEO complaint and encompasses her removal since it is a cause of

action that arose on June 18, 2020, prior to the July 29, 2020 effective date of the settlement agreement. IAF, Tab 17 at 14, Tab 18 at 9-10. To the extent that the appellant argues that the provision in question is ambiguous, she has not shown that the terms are susceptible to more than one interpretation. *See Lee*, 111 M.S.P.R. 551, ¶ 7 (finding that, pursuant to the settlement agreement's release "from all claims," the appellant waived his right to appeal his constructive suspension to the Board).

However, since the parties appear to agree that they signed the agreement under the incorrect assumption that they were not waiving the appellant's right to pursue the instant removal appeal, we find that the parties are essentially alleging mutual mistake. A settlement agreement may be set aside on the basis of mutual mistake of fact if there is a shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶¶ 12, 14, 16 (2010) (setting aside a settlement agreement when it was premised on the mutual mistake of fact that it was possible to give the appellant a clean employment record). Similarly, a settlement agreement must also be set aside if it is tainted with invalidity by a mutual mistake of law under which both parties acted. *Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶ 9 (2009); *Adkins v. U.S. Postal Service*, 86 M.S.P.R. 671, ¶¶ 9-10 (2000) (setting aside a settlement agreement due to mutual mistake of law because the parties believed that the agreement would be entered into the Board's record for enforcement purposes, but the Board was unable to do so).

An appellant's waiver of any causes of action against the agency is a material term of a settlement agreement. *See Gill v. Department of Veterans Affairs*, 85 M.S.P.R. 541, ¶ 5 (2000) (finding a draft settlement agreement that contained an exception to a general waiver of claims constituted a material change to a draft without such an exception). Thus, we need not decide whether the parties' mistake was a mutual mistake of fact or mutual mistake of law

because we decline to enforce the provision waiving the appellant's Board appeal right.

Here, the parties' settlement agreement was reached in another forum, i.e., the EEOC. The Board does not have authority to invalidate a settlement agreement reached in another forum. *See Lee*, 111 M.S.P.R. 551, ¶ 4 n.2. The agreement provides that it should be entered into the record of the EEOC and that the EEOC retains jurisdiction for purposes of enforcement. I-2 AF, Tab 18 at 10. Accordingly, because the Board does not have the authority to invalidate the terms of the EEOC settlement agreement, we do not do so. Nevertheless, since it is undisputed that the waiver of the appellant's Board appeal was a mutual mistake, we find that the appellant's waiver of her right to appeal her removal cannot be enforced before the Board. Accordingly, we vacate the initial decision and remand this matter to the regional office for a full adjudication.[4]

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

_____

[4] The appellant also reasserts that the agency breached the settlement agreement. PFR File, Tab 1 at 7-8. Allegations of breach are a matter of enforcement. *See Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996). The settlement agreement between the parties provides in ¶ 9 that the EEOC retains jurisdiction for purposes of enforcing compliance with the terms of the agreement. IAF, Tab 18 at 10. Therefore, any allegations of breach must be presented to the EEOC.