**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES D. SILVA,

        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
NY-0752-17-0209-I-1

DATE: February 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan V. Edmunds, Esquire, and Brittany D. Honeycutt, Esquire, Ponte Verde Beach, Florida, for the appellant.

Jane Yoon, Brooklyn, New York, for the agency.

Steven A. Snyder, Northport, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.[2]  5 C.F.R. § 1201.114(e), (g).

The petition for review was filed 113 days after the filing deadline.  Initial Appeal File, Tab 24, Initial Decision at 4; Petition for Review (PFR) File, Tab 1. In his motion to waive the deadline, the appellant asserts that he was suffering from specific health issues; however, he has offered no medical evidence or other corroborating evidence in support of these health issues.  PFR File, Tab 3; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 & n.* (1998). Additionally, the 113-day filing delay is significant.  *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month filing delay significant), *aff'd per curiam*, 301 F. App'x 982 (Fed. Cir. 2008).  As such, the appellant has not shown that he exercised due diligence or ordinary prudence under the particular circumstances of the case and thus has not shown good cause for the delay in filing.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

---

[2] On February 21, 2020, the appellant filed a motion to reopen the record, in which he alleged that he previously had ineffective representation and was unable to adequately prosecute his appeal *pro se* but has now secured new representation and will be able to present his case.  Petition for Review (PFR) File, Tab 8.  The appellant has not demonstrated that he has new and material evidence or legal argument that was not readily available before the record closed, or how any such evidence is material to his appeal.  *See* 5 C.F.R. § 1201.114(a)(5), (k).  We therefore DENY the appellant's motion.  In light of this denial, we find it unnecessary to consider the agency's untimely response to the appellant's motion.  PFR File, Tab 12.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

U.S. Mail

James Silva
120 Riddle Street
Brentwood, New York 11717

<u>Agency Representative</u>

U.S. Mail

Steven Snyder
79 Middleville Road
Building 9, Room 220

Northport, New York 11768

<u>Agency Representative</u>

Electronic Service

Jane Yoon
Served on email address registered with MSPB

<u>Private Attorney</u>

U.S. Mail

Alan Edmunds
The Edmunds Law Firm
824 N. A1A Hwy, Suite 302
Ponte Vedra Beach, Florida 32082

<u>Private Attorney</u>

U.S. Mail

Brittany Honeycutt
The Edmunds Law Firm
822 N. Hwy A1A, Suite 310
Ponte Vedra Beach, Florida 32082

| 02/06/2024 | *Tawanda Williams* |
| --- | --- |
| (Date) | Tawanda Williams |
| | Paralegal Specialist |