**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MELVIN L. COSELY SR.,
      Appellant,

DOCKET NUMBER
DE-0752-25-0073-I-1

v.

DEPARTMENT OF THE ARMY,
      Agency.

DATE:  April 3, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Melvin L. Cosely Sr., North Chesterfield, Virginia, pro se.

Leah S. Serrano, Washington, D.C., for the agency.

April Emerson and Larry F. Estrada, Los Angeles, California,
    for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In dismissing the appeal for lack of jurisdiction, the administrative judge found that the appellant's claims concerning his August 3, 2012 constructive demotion based on the reclassification of his position to a lower grade, his August 3, 2012 denial of retained grade and pay, and a 2008 change to a vacancy announcement were barred by an October 10, 2012 settlement agreement in his equal employment opportunity (EEO) proceeding. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 6-7. The administrative judge also found that the Board lacked jurisdiction over the appellant's remaining claim that he was denied a within-grade increase (WIGI) during the period when he was on retained grade and pay because the appellant did not nonfrivolously allege that he sought reconsideration of any agency decision denying him a WIGI. ID at 7-9. The appellant has filed a petition for review, arguing generally that the initial decision contains erroneous findings of material fact and relied on "documents and facts from another case." Petition for Review (PFR) File, Tab 1 at 5. However, he does not specifically challenge the administrative judge's jurisdictional findings. Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determinations are incorrect and identify the specific evidence in the record that demonstrates the error. *Weaver v.*

*Department of the Navy*, 2 M.S.P.R. 129, 133 (1980). Mere disagreement with the administrative judge's factual findings or legal conclusions does not show legal error. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 6 (2010). Because the appellant has not explained why the administrative judge's jurisdictional findings are incorrect, we decline to disturb them.

To the extent that the appellant is arguing that the administrative judge improperly relied on the October 10, 2012 settlement agreement in his EEO proceeding to find that his alleged constructive demotion based on the reclassification of his position to a lower grade, denial of retained grade and pay, and a change to a vacancy announcement were barred, we disagree. PFR File, Tab 1 at 5. It is well settled that the Board may review a settlement agreement reached outside of a Board proceeding to determine its effect on a Board appeal and any waiver of Board appeal rights. *E.g.*, *Lee v. U.S. Postal Service,* 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd per curiam*, 367 F. App'x 137 (Fed. Cir. 2010); *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006). Here, the administrative judge correctly determined that the language of the waiver provision in the settlement agreement is unambiguous, the appellant's August 2012 and 2008 claims arose prior to the October 10, 2012 effective date of the settlement agreement, and thus the appellant waived his right to appeal those claims to the Board and the Board lacks jurisdiction to review them. ID at 7; IAF, Tab 6 at 57; *see Lee*, 111 M.S.P.R. 551, ¶ 7 (finding that, pursuant to the settlement agreement's release "from all claims," the appellant waived his

right to appeal his constructive suspension to the Board).[2]  Thus, we affirm the initial decision dismissing the appeal for lack of jurisdiction.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] In our final decision in *Cosely v. Department of the Army*, MSPB Docket No. DE-3330-25-0129-I-1, we address the appellant's remaining claims that the agency violated his veteran's preference rights under the Veterans Employment Opportunities Act of 1998, discriminated against him, and engaged in prohibited personnel practices when he was not selected for two vacancy announcements.  PFR File, Tab 1 at 8-19.  Thus, we do not consider them further here.  To the extent that the appellant is also arguing that the agency discriminated against him and engaged in prohibited personnel practices with respect to the alleged actions at issue in this appeal, the administrative judge correctly found that, because the Board lacks jurisdiction over this appeal, we cannot consider those claims.  ID at 9; *see Cruz v. Department of the Navy*, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc) (finding that, absent an otherwise appealable action, the Board lacks jurisdiction to consider allegations of discrimination and retaliation); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

[3] In light of our disposition here, we find it unnecessary to rule on the appellant's motion to accept his petition for review as timely.  PFR File, Tab 3.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.