## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONTE G. BRANDON,

        Appellant,

    v.

DEPARTMENT OF AGRICULTURE,

        Agency.

DOCKET NUMBERS
DC-315H-24-0679-I-1
DC-3443-25-0033-I-1

DATE:  April 8, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donte G. Brandon</u>, Temple Hills, Maryland, pro se.

<u>Debbie Clark</u>, Esquire, <u>David P. Simmons</u>, Esquire, and <u>Rachel Trafican</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed petitions for review of the initial decisions in *Brandon v. Department of Agriculture*, MSPB Docket No. DC-315H-24-0679-I-1 (0679), which dismissed his probationary termination appeal as withdrawn, pursuant to the parties' settlement agreement, and *Brandon v. Department of Agriculture*, MSPB Docket No. DC-3443-25-0033-I-1 (0033), which dismissed for lack of jurisdiction his appeal seeking to enforce the settlement agreement or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

reopen the prior appeal. Because these petitions for review concern the same underlying facts and arguments, such that joinder will expedite their processing without adversely affecting the parties' rights, we have JOINED them for adjudication pursuant to 5 C.F.R. § 1201.36(a)(2), (b). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b). We have also considered the appellant's petitions for review as a request to reopen his probationary termination appeal in the 0679 appeal, and that request is DENIED. 5 C.F.R. § 1201.118.

## BACKGROUND

On June 30, 2024, the appellant timely filed a Board appeal of his June 28, 2024 probationary termination disputing the merits of the agency's action and arguing that it was reprisal for equal employment opportunity activity and discrimination based on disability and race. *Brandon v. Department of Agriculture*, MSPB Docket No. DC-315H-24-0679-I-1, Initial Appeal File (0679 IAF), Tab 1 at 2. He also asserted that he was not a probationary employee because he had prior Federal service. *Id.*; 0679 IAF, Tab 5 at 5. On July 17, 2024, the agency filed a motion to dismiss the appeal on the basis that the parties had entered into a settlement agreement wherein the appellant agreed to withdraw, with prejudice, all pending appeals, including MSPB Docket No. DC-315H-24-0679-I-1, and agreed that he would not file any new appeals or complaints "of any nature" with, among other entities, the Board regarding any aspect of his employment with the agency "prior to the effective date of [the] [a]greement." 0679 IAF, Tab 8 at 4-6. The settlement agreement also provided that the appellant would submit his resignation and waive any right to reinstatement as an employee with the agency for a period of 10 years, in

exchange for a $20,000.00 lump sum payment and a new Standard Form 50 reflecting a resignation, effective June 28, 2024, rather than a probationary termination. *Id.* The agency's motion stated that the Board "may retain jurisdiction for enforcement purposes," *id.* at 4, but the parties clarified in a signed addendum to the settlement agreement that they intended the agreement to be enforceable by the Equal Employment Opportunity Commission (EEOC), 0679 IAF, Tab 10 at 4, 6. On July 25, 2024, the administrative judge issued an initial decision dismissing the appeal as withdrawn and finding that the settlement agreement was not to be entered into the record for purposes of enforcement. 0679 IAF, Tab 11, Initial Decision (0679 ID). Neither party filed a timely petition for review, and the initial decision became the Board's final decision on August 29, 2024. 0679 ID at 4.

On October 11, 2024, the appellant filed another Board appeal, in which he alleged that the agency had not complied with the settlement agreement. *Brandon v. Department of Agriculture*, MSPB Docket No. DC-3443-25-0033-I-1, Initial Appeal File (0033 IAF), Tab 1 at 2. He also requested, among other things, that the term prohibiting him from seeking employment with the agency for a period of 10 years be stricken from the settlement agreement and that he be reinstated to Federal service without any interruption in service. *Id.* The appellant subsequently filed a request to reopen his probationary termination appeal in MSPB Docket No. DC-315H-24-0679-I-1 on the basis that the agency's "pattern of retaliation and negligence" in his wrongful termination, throughout the Board and EEOC proceedings, and its noncompliance with the settlement agreement have caused him significant mental and financial distress. 0033 IAF, Tab 2 at 6. The administrative judge subsequently issued a show cause order directing the appellant to file evidence and argument to prove that the Board had jurisdiction to enforce the settlement agreement, when the parties had agreed that it would be enforceable by the EEOC. 0033 IAF, Tab 4. In his November 5, 2025 and November 7, 2025 responses, the appellant repeated his arguments

concerning the merits of his probationary termination, his probationary status, the distress caused by the termination, and the 10-year employment ban. 0033 IAF, Tab 6 at 4, Tab 7 at 8. In these submissions, however, he additionally alleged that he was compelled to resign due to the agency's retaliatory actions. 0033 IAF, Tab 6 at 4, Tab 7 at 8. On November 15, 2024, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction and finding that, because the appellant had not introduced new evidence or shown that the withdrawal of the appeal was the result of misinformation, he lacked the authority to reopen or reinstate the appeal. 0033 IAF, Tab 9, Initial Decision (0033 ID) at 4-5 (citing *Nahoney v. U.S. Postal Service*, 112 M.S.P.R. 93, ¶ 15 (2009); *Robey v. U.S. Postal Service*, 105 M.S.P.R. 539 (2007)).

On March 7, 2025, the appellant filed a petition for review in his 0033 appeal disputing the merits of his termination, requesting the retraction of his resignation, and expressing his intent to return to his position in Federal service. *Brandon v. Department of Agriculture*, MSPB Docket No. DC-3443-25-0033-I-1, Petition for Review (0033 PFR) File, Tab 1 at 4. In his petition, he explains that his "request" is untimely filed because he was under "medical care" for the "distress caused by the allegations related to [his] termination." *Id.* He filed supplements to his petition on March 7, 2025, and July 22, 2025. 0033 PFR File, Tabs 2, 4.

The appellant has also filed a petition for review in the 0679 appeal, on June 24, 2025, requesting that the Board reopen or reconsider the dismissal of his appeal. *Brandon v. Department of Agriculture*, MSPB Docket No. DC-315H-24-0679-I-1, Petition for Review (0679 PFR) File, Tab 1 at 6-7. In this petition, the appellant argues that his resignation was coerced, that the 10-year employment bar in the settlement agreement is unlawful, that he has been denied access to his employment record, that his mental health conditions and disability constitute good cause for his untimely filing, that he was not a probationary employee at the

time of his termination, and that the agency was required by court order to return terminated probationary employees to service.[2] *Id.*

The agency has filed timely responses to both petitions for review. 0679 PFR File, Tab 6; 0033 PFR File, Tab 10. The appellant has filed a reply to the agency's response in 0033. 0033 PFR File, Tab 11.

## ANALYSIS

We have considered the appellant's submissions as petitions for review as well as requests to reopen his withdrawn probationary termination appeal. *See Little v. Government Printing Office*, 99 M.S.P.R. 292, ¶ 10 (2005). A withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Bilbrew v. U.S. Postal Service*, 111 M.S.P.R. 34, ¶ 14 (2009); *Little*, 99 M.S.P.R. 292, ¶ 10. Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012); *Bilbrew*, 111 M.S.P.R. 34, ¶ 14. A case may be reopened in the interests of justice where the evidence is of such weight as to warrant a different outcome, but the Board will reopen a case only if the appellant has exercised due diligence in seeking reopening. *Bilbrew*, 111 M.S.P.R. 34, ¶ 14. Furthermore, the Board's authority to reopen a case is limited by the requirement that such authority be exercised within a reasonably

---

[2] In his 0033 petition for review, the appellant submits the Board's March 5, 2025 order in *Special Counsel ex rel. John Doe v. Department of Agriculture*, MSPB Docket No. CB-1208-25-0020-U-1, which granted the Office of Special Counsel's request to stay the mass probationary terminations of agency employees in February 2025. 0033 PFR File, Tab 1 at 5-17. In his 0679 petition for review, the appellant references judicial orders, which similarly required the agency to reinstate probationary employees who were terminated en masse in February 2025. 0679 PFR File, Tab 1 at 7. While the appellant argues that those orders included employees similarly situated to him, *id.*, it is undisputed that the appellant resigned, pursuant to the parties' settlement agreement, on June 28, 2024, 0679 IAF, Tab 8 at 6, well before the relevant time frame covered by the orders he identified.

short period of time. *Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 12 (2007). That period of time is usually measured in weeks, not months or years. *Id.*

The appellant has not established that it would be in the interests of justice to reopen the appeal of his probationary termination. First, the appellant filed his first request to reopen the appeal on October 31, 2024, more than 3 months after the issuance of the July 25, 2024 initial decision dismissing his appeal as withdrawn. 0033 IAF, Tab 2; 0679 ID; *see Bilbrew*, 111 M.S.P.R. 34, ¶ 14 (finding that the appellant did not exercise due diligence when he waited 2 months after the initial decision was issued to file a request to reopen). More importantly, however, he has not alleged facts that would warrant a different outcome.

Furthermore, the words of a settlement agreement are of paramount importance in determining the parties' intent when they contracted, and parol or extrinsic evidence regarding the parties' intent will be considered only if the agreement is ambiguous. *Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 6 (2009) *aff'd per curiam*, 367 F. App'x 137 (Fed. Cir. 2010); *see Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 9 (2005) (noting that the Board will not imply a term in an unambiguous agreement). Ambiguity exists if the settlement agreement's terms are reasonably susceptible to more than one interpretation. *Lee*, 111 M.S.P.R. 551, ¶ 6. The Board does not have authority to enforce or invalidate a settlement agreement reached in another forum, such as the EEOC. *Id.*, ¶ 4 n.2. Nevertheless, the Board may review a settlement agreement reached outside of a Board proceeding to determine its effect on a Board appeal and any waiver of Board appeal rights. *Id.*, ¶ 4.

It is undisputed that the parties agreed the settlement agreement would be enforceable by the EEOC, not the Board. 0679 IAF, Tab 10 at 4, 6; *see* 0679 ID at 4. Thus, the Board lacks jurisdiction over the appellant's claims that the agency has not complied with the settlement agreement and that the 10-year

employment ban is unlawful. *See Cimilluca v. Department of Defense*, 77 M.S.P.R. 256, 257-59 (1998) (vacating a compliance initial decision adjudicating a petition for enforcement when a settlement agreement was not entered into the record for enforcement purposes). Because similarly unambiguous terms of the settlement agreement provide that the appellant agreed to withdraw the appeal of his probationary termination, the Board is also barred from adjudicating the appellant's claims on the merits. Consequently, we discern no basis to disturb the initial decisions dismissing the appeals as withdrawn, 0679 ID, and for lack of jurisdiction, 0033 ID.

## ORDER

In light of the foregoing, we deny the appellant's petitions for review and requests to reopen his probationary termination appeal. The initial decisions dismissing the appeals as withdrawn and for lack of jurisdiction remain the final decisions of the Board.[3]

---

[3] Because the appellant's submissions are denied on other grounds, we do not make a determination on the timeliness of his petitions for review. *See Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 1 n.1 (2004) (declining to address the timeliness of the appellant's petitions for appeal and review where the Board dismissed the appeal for lack of jurisdiction). In the two appeals, the appellant has filed a total of 20 motions for leave to file additional evidence and argument regarding, among other things, various mental health conditions that effected his probationary termination, the voluntariness of the settlement agreement, and delays in filing with the Board. 0033 PFR File, Tabs 6, 8, 13, 19, 23, 26, 29, 31, 34; 0679 PFR File, Tabs 9, 11, 14, 17, 21, 25, 29, 32, 35, 37, 40. The appellant also seeks to file additional pleadings regarding the terms of the parties' settlement agreement, various purported prohibited personnel practices, and the application of Board caselaw and regulations. 0033 PFR File, Tabs 6, 8, 13, 19, 23, 26, 29, 31, 34; 0679 PFR File, Tabs 9, 11, 14, 17, 21, 25, 29, 32, 35, 37, 40. Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material as defined in 5 C.F.R. § 1201.115(d) and the party submitting it shows that the evidence or argument was not readily available before the record closed. *See* 5 C.F.R. § 1201.114(k). Here, the appellant has not explained why he could not have filed the evidence and argument prior to the close of the record on review and/or why its consideration would provide a basis to disturb the initial decisions. Accordingly, the appellant's motions are denied.

# NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.